FARHAD NOVIAN (SBN 118129)
**NOVIAN & NOVIAN, LLP**                    **NOTE CHANGES**
**1801 Century Park East, Suite 1201**      **MADE BY THE COURT**
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222
Farhad@NovianLaw.com
Attorney for Plaintiff,
KAY CELINE, INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAY CELINE, INC., a California corporation, | Case No.: CV-09-03080 RSWL (MANx) |
|     Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| STEIN MART, INC., a Florida corporation; SIENNA ROSE, Inc., a California corporation; THE ANONYMOUS SHOWROOM, INC., a New York Corporation; LORI ROBBINS, an individual; and DOES 1 through 10, inclusive, | |
|     Defendants. | |

      Based upon the parties" Joint Stipulation and [Proposed] Protective Order ("Stipulated Protective Order"), filed on March 11, 2010, the terms of the parties' Stipulated Protective Order are adopted as a Protective Order of this Court except to the extent, as set forth below, that those terms have been modified by the Court's amendments to paragraphs 7.2, 7.3, and 10.

The parties are expressly cautioned that this Stipulated Protective Order, in and of itself, creates no entitlement to file under seal information, documents, or things designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only". Accordingly, reference to this Stipulated Protective Order or to the parties' designation of any information, document, or thing as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is wholly insufficient to warrant filing under seal. Good cause must be shown to support a filing under seal, and the parties' mere designation of any information, document, or thing as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not – without the submission of **competent evidence** establishing that the material sought to be filed under seal qualifies as confidential, proprietary, trade secret, or private information – establish good cause.

## TERMS OF PROTECTIVE ORDER

1. <u>**PURPOSES AND LIMITATIONS**</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, financial, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties also acknowledge that this Stipulation and Order does not resurrect objections to discovery that have otherwise been waived.

## 2.     **DEFINITIONS**

2.1     <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     <u>"Confidential" Information or Items</u>:  Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection pursuant to federal law and/or pursuant to the terms of any contract between the parties.

2.4     <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means, including but not limited to confidential information entitled to protection pursuant to federal law and its precedents, consisting or concerning trade secrets or other confidential or proprietary research and development, or other information which provides competitive or economic advantage to the Designating Party by reason of the fact that it is not generally known to persons in a position to use it.

2.5     <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8   <u>Protected Material</u>:   any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9   <u>Outside Counsel</u>:   attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   <u>House Counsel</u>:   attorneys who are employees of a Party.

2.11   <u>Counsel</u> (without qualifier):   Outside Counsel and House Counsel (as well as their support staffs).

2.12   <u>Expert</u>:   a person with specialized knowledge or experience in a matter pertinent to the litigation who has been identified or retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.   This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   <u>Professional Vendors</u>:   persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3.   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in Court or in other settings that might reveal Protected Material.

## 4.   **DURATION**

In order to permit discovery to proceed without further delay, the parties agree that this Stipulation and Order shall be effective from the date on which it is executed by counsel for the parties and shall apply and be enforceable from that date

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

forward with respect to all discovery in this matter, including materials produced at any time after the commencement of this case.  Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  If documents or things designated by a Party under this Stipulation are already in the possession of the Receiving Party, the designation does not by itself transform the Receiving Party's previously-held copies into Protected Material.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of

5

depositions or other pretrial or trial proceedings): that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)   for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If

material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

     5.4   <u>Inadvertent Production of Documents</u>.   Inadvertent production of any document produced in response to discovery requests in this action by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including but not limited to the work product doctrine (collectively the "Inadvertently Produced Privileged Documents") will not be deemed to waive any privilege, including but not limited to work product protection. A party or non-party may request the return of any document that it or a non-party produced by identifying the Inadvertently Produced Privileged Documents and stating the legal basis for withholding such document from production in writing to all parties upon whom the Inadvertently Produced Privileged Documents were served, within ten business days of discovery of the inadvertent production.   If a party or non-party requests the return, pursuant to this paragraph, of such Inadvertently Produced Privileged Documents, the possessing parties shall, within seven calendar days return to the requesting party or non-party all Inadvertently Produced Privileged Documents and shall expunge from any other document or material information derived from the Inadvertently Produced Privileged Document. A party may thereafter move to compel production of any such Inadvertently Produced Privileged Documents it has returned, provided that the fact of inadvertent production itself may not be cited as a basis for the motion.

## 6.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

     6.1   <u>Timing of Challenges</u>.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay

of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

Similarly, a Party does not waive its right to challenge the use and/or scope of use of any confidential document at trial by electing not to mount a challenge promptly at the time and/or after the document in question is designated and produced.

6.2   <u>Meet and Confer</u>.   A Party that elects to initiate a challenge to a Designating Party's confidentiality designation and/or use of a confidentially designated document must do so in good faith and must begin the process by conferring directly with the responding Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the responding Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation and/or use is offered, to explain the basis for the chosen designation and/or use.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3   <u>Judicial Intervention</u>.   A Party that elects to press a challenge to a confidentiality designation and/or use of a designated document after considering the justification offered by the Designating Party may file and serve a motion under the Local Rules (and in compliance with any sealing rules, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the responding/designating Party.  Until the Court rules on the challenge, all parties shall

1  continue to afford the material in question the level of protection to which it is

2  entitled under the Producing Party's designation.

3

4  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

5       7.1   <u>Basic Principles</u>.  A receiving Party may use Protected Material that is

6  disclosed or produced by another Party or by a non-party in connection with this case

7  only for prosecuting, defending, or attempting to settle this litigation.  Such Protected

8  Material may be disclosed only to the categories of persons and under the conditions

9  described in this Order.  When the litigation has been terminated, a Receiving Party

10  must comply with the provisions of Section 11 below (FINAL DISPOSITION).

11       Protected Material must be stored and maintained by a Receiving Party at a

12  location and in a secure manner that ensures that access is limited to the persons

13  authorized under this Order.

14       7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.   Unless

15  otherwise ordered by the Court or permitted in writing by the Designating Party, a

16  Receiving Party may disclose any information or item designated CONFIDENTIAL

17  only to:

18          (a)   the Receiving Party's Outside Counsel of record in this action, as

19  well as employees of said Counsel to whom it is reasonably necessary to disclose the

20  information for this litigation and who have signed the "Agreement to Be Bound by

21  Protective Order" that is attached hereto as Exhibit A;

22          (b)   the Receiving Party and if applicable, its officers, directors and

23  senior executives (including House Counsel) of the Receiving Party to whom

24  disclosure is reasonably necessary for this litigation and who have signed the

25  "Agreement to Be Bound by Protective Order" (Exhibit A);

26          (c)   experts (as defined in this Order) of the Receiving Party to whom

27  disclosure is reasonably necessary for this litigation and who have signed the

28  "Agreement to Be Bound by Protective Order" (Exhibit A);

1        (d)     the Court and its personnel;

2        (e)     court reporters, their staffs, and professional vendors to whom

3  disclosure is reasonably necessary for this litigation and who have signed the

4  "Agreement to Be Bound by Protective Order" (Exhibit A);

5        (f)     **private** mediators who have signed the "Agreement to Be Bound

6  by Protective Order" (Exhibit A); and

7        (g)     during their depositions, witnesses in the action to whom

8  disclosure is reasonably necessary and who have signed the "Agreement to Be

9  Bound by Protective Order (Exhibit A).  Pages of transcribed deposition testimony or

10 exhibits must be separately bound by the court reporter and may not be disclosed to

11 anyone except as permitted under this Stipulated Protective Order;

12       (h)     the author of the document or the original source of the

13 information.

14   7.3   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

15 <u>ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in

16 writing by the Designating Party, a Receiving Party may disclose any information or

17 item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only

18 to:

19       (a)     the Receiving Party's House Counsel and Outside Counsel of

20 record in this action, as well as employees of said Counsel to whom it is reasonably

21 necessary to disclose the information for this litigation and who have signed the

22 "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

23       (b)     experts (as defined in this Order) (1) to whom disclosure is

24 reasonably necessary for this litigation, (2) who have signed the "Agreement to Be

25 Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth

26 in paragraph 7.4, below, have been followed;

27       (c)     the Court and its personnel;

28       (d)     court reporters, their staffs, and professional vendors to whom

disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e)   **private** mediators who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f)   the author of the document or the original source of the information.

7.4   <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>

(a)   Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the Expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of Court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b)   A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven Court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

[PROPOSED] STIPULATED PROTECTIVE ORDER

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided by the Local Rules (and in compliance with any sealing rules, if applicable) seeking permission from the Court to do so.  Any such motion must describe circumstances with specificity, set froth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reason advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

Identification of the Expert for this purpose shall not be construed to constitute a waiver of any privilege, including, *inter alia*, the attorney work product doctrine.

## 8.   **PROTECTED   MATERIAL   SUBPOENAED   OR   ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as 'CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three Court days after

receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

In the event the Designating Party files a motion for protective order to quash the subpoena, the subpoenaed party shall not produce any Protected Material in response to the subpoena without the prior written consent of the producing party or non-party unless (1) an order of a Court of competent jurisdiction has issued requiring production, (2) the Designating Party's motion is withdrawn or denied and the time for an appeal or writ challenging the denial has expired, or (3) a failure to produce such Confidential or Highly Confidential Information would, in the judgment of the subpoenaed party, constitute a violation of any law, rule or regulation.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that Court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

## 9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protected Order, the Receiving Party must immediately (a) notify in

[PROPOSED] STIPULATED PROTECTIVE ORDER

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or person to whom unauthorized disclosures were made of al the terms of this Order, and (d) request such a person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.    FILING PROTECTED MATERIAL.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  In the event that any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information is to be used in any Court proceeding in this action, it shall not **automatically** lose its confidential status through such use, and the party using such material shall take all reasonable steps to maintain its confidentiality during such use.  All "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, documents, and any papers containing information contained in or derived from such documents that are filed with the Court shall be filed **in accordance with the provisions of L.R. 79-5 of the Local Civil Rules of this Court.**

**11.    FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.   With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written

[PROPOSED] STIPULATED PROTECTIVE ORDER

certification to the Producing Party (and, if not the same person or entity, the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such material contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 12.   MISCELLANEOUS

12.1   <u>Right to Further Relief</u>.  Nothing in this order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing or the use of any information or item on any ground not addressed in this Stipulated Protective Order.  Conversely, no objections which were or are waived are resurrected by this Protective Order.  Finally, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

**IT IS SO ORDERED.**

DATED:  March 30, 2010

_____

HON. MARGARET A. NAGLE
United States Magistrate Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER

<u>EXHIBIT A</u>

<u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in is entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Central District of California, in the case of *Kay Celine, Inc. v. Stein Mart, Inc., et. al.*, Case No. CV-09-03080 RSWL (MANx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER